# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                              **Case No. 06-CR-314**

**JAMES MAYES**
    **Defendant.**

## SENTENCING MEMORANDUM

Police executed a search warrant for the home of defendant James Mayes based on an allegation that he had been involved in a shooting. Officers founds two firearms, neither of which matched the weapon involved in the shooting. Defendant was never charged in the shooting, but because he had previously been convicted of second degree murder, the government charged him with possessing firearms as a felon, contrary to 18 U.S.C. § 922(g). Defendant pleaded guilty to the offense, and the probation office prepared a pre-sentence report ("PSR"), which set defendant's offense level at 17 (base level 20, U.S.S.G. § 2K2.1(a)(4)(A), minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at II, producing an imprisonment range of 27-33 months under the advisory sentencing guidelines.

Defendant requested a non-guideline sentence of one year and one day, while the government advocated a term at the low end of the advisory range. Upon consideration of the arguments of counsel and the entire record, I imposed a sentence of 21 months. In this memorandum, I provide written reasons for the sentence imposed.

# I. SENTENCING FACTORS

In imposing sentence, the court considers the factors set forth in 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2).

# II. DISCUSSION

**A.    Nature of Offense**

As noted, police executed a search warrant at defendant's house and located two guns, a 12 gauge shotgun and a .38 caliber handgun. Defendant cooperated fully in the search and

2

told the officers where the guns were – in the basement wrapped in bags. Neither weapon was loaded, although the officers found ammunition for one of them.[1]

## B.    Character of Defendant

Defendant was thirty-three years old and seemed to be doing pretty well at the time of this incident. Following a rough childhood in Memphis, which involved with several brushes with the law, he was waived into adult court and convicted of second degree murder at the age of sixteen. He served fifteen years in prison on that charge, and I accepted defendant's statement that this was hard time for a teenager locked in an adult institution. Nevertheless, defendant used his time constructively, obtaining his GED and taking various classes.

Upon his release in 2003, defendant decided to move from Memphis to Racine, Wisconsin to start over. He commenced a relationship with Melanie Morgan, and she spoke highly of him, indicating that he is a wonderful step-father to her three children and supported the family financially while she awaited hip replacement surgery. Defendant's sister also made positive statements about him, indicating that he was a changed person.

Defendant compiled a solid work record since his release, working for the John Bryant Center from December 2004 to July 2005, as a packager in October 2006, and for Lakeside

---

[1] The government asked me to consider the alleged shooting which led to the search warrant application as an aggravating factor. I agreed that I could consider such uncharged conduct under 18 U.S.C. §§ 3553(a) & 3661. (The parties agreed that the alleged shooting could not form the basis for a guideline enhancement under U.S.S.G. § 2K2.1(b).) However, I found that the record contained insufficient, reliable evidence for me to make a finding that defendant participated in that shooting, such that his sentence should be increased based upon it. The PSR did not discuss it, and while the incident was described in the search warrant application – which became part of the record when defendant challenged the warrant via motion to suppress – the evidence contained in the application, while sufficient to support probable cause, did not provide a sufficient basis to enhance defendant's sentence. See United States v. Limares, 269 F.3d 794, 798 (7th Cir. 2001) (stating that "'probable cause' is something less than a preponderance").

3

Curative from December 2006 to the present. His supervisor at Lakeside wrote a letter describing defendant as a valued employee with an excellent work ethic. In sum, defendant seemed to be doing quite well and have gotten over his troubled past.

**C.     Purposes of Sentencing**

Defendant had only one adult criminal conviction from when he was sixteen. That was, of course, a very serious matter, but that offense arose out of a confrontation with a friend and his uncle. It was the emotionally driven act of an immature teenager, not a cold blooded killing or adjunct to another felony or gang related activity, and defendant was clearly a different person now than he was then. Defendant stayed out of trouble after his release until this incident and seemed to have matured, particularly given his stable family and employment situation. Therefore, I did not find him to be a particular risk of recidivism. See 18 U.S.C. § 3553(a)(2)(C). The instant offense was nevertheless serious and warranted a period of confinement to promote respect for the law and deter others. § 3553(a)(2)(A) & (B). As defendant knew, felons cannot have guns, regardless of how they obtain them or the purpose of the possession. Defendant reported regular past use of marijuana prior to his arrest, but all of his screens on pre-trial release were negative and he complied with all other conditions of release. Thus, I did not see any particular correctional treatment needs. § 3553(a)(2)(D).

**D.     Guidelines**

The guidelines called for a term of 27-33 months, but I found this range a bit greater than necessary. As discussed above, defendant had matured and made strides in becoming a productive citizen, working and maintaining a stable relationship. Unlike many, defendant successfully reintegrated into the community upon his release from prison. Further, his

4

girlfriend stated that she would stay with him, and his employer indicated that she would rehire him upon completion of the sentence. This support would aid in his reintegration and reduce the likelihood of him re-offending. Finally, the offense itself was somewhat mitigated by the fact that defendant fully cooperated with the officers, telling them exactly where the guns were. The weapons were wrapped in bags and unloaded, and defendant possessed ammunition for only one of them.

## III. CONCLUSION

Given all of the circumstances, I found a sentence of 21 months sufficient but not greater than necessary. This sentence accounted for the positives discussed, while still providing sufficient punishment and deterrence. Because it varied from the guideline range by only 2 levels and was based on the particular facts of the case, it did not create unwarranted disparity. See 18 U.S.C. § 3553(a)(6). Therefore, I committed defendant to the custody of the Bureau of Prisons for 21 months, followed by two years of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

5

Case 2:06-cr-00314-LA   Filed 06/01/07   Page 5 of 5   Document 19